ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| LIZABETH ADÁN PUENTES, KAREN DE LOS MILAGROS ADÁN PUENTES Y OTROS<br><br>Peticionarios<br><br>v.<br><br>EX - PARTE | **KLCE202301335** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Carolina<br><br>Civil Núm.: CA2021CV01868<br><br>Sobre: Administración Judicial |

Panel integrado por su presidente, el juez Bonilla Ortiz, el juez Pagán Ocasio y la jueza Martínez Cordero.[1]

Bonilla Ortiz, Juez Ponente

**<u>SENTENCIA</u>**

En San Juan, Puerto Rico a 12 de julio de 2024.

Comparece ante este foro la Sra. Jennifer E. Adán Fuentes (señora Jennifer Adán o "la peticionaria") y solicita que revisemos una *Minuta-Resolución* de una vista celebrada el 22 de septiembre de 2023, transcrita el 29 de septiembre de 2023 y firmada electrónicamente el 8 de noviembre de 2023 por el Tribunal de Primera Instancia, Sala Superior de Carolina. Mediante dicha resolución, en lo pertinente, el foro primario declaró *No Ha Lugar* la solicitud para descalificar al administrador judicial y, además, extendió el término de su nombramiento ordenándole a su vez la realización de varias encomiendas administrativas. Asimismo, el foro primario declaró *No Ha Lugar* una solicitud de sentencia sumaria para desestimar el pleito y solicitó a la señora Jennifer Adán informar prontamente si acudirá al Tribunal de Apelaciones.

Por los fundamentos que se exponen a continuación, **expedimos** el auto de *Certiorari* **para modificar** en parte el dictamen recurrido.

---

[1] En virtud de la Orden Administrativa OATA-2023-159, se designa la Hon. Beatriz M. Martínez Cordero.

**I.**

El 23 de julio de 2021, las señoras Lizabeth Adán Puentes y Karen Adán Puentes (en adelante, las señoras Lizabeth y Karen Adán) presentaron una *Petición de Administración Judicial y División de Herencia* contra sus hermanas, la señora Jennifer Adán y la señora Odette Adán Álvarez, con relación a los caudales hereditarios de sus progenitores, el señor Rodolfo Adán Argilagos y la señora Cecilia Puentes Sosa.[2] Allí alegaron que sus progenitores eran los únicos accionistas, en partes iguales, de la Puerto Rico Memorial, Inc. y otras corporaciones. No obstante, alegaron que tras el fallecimiento del señor Rodolfo Adán Argilagos en el 2012, la señora Jennifer Adán se autodenominó como Presidenta y Tesorera de la corporación sin el consentimiento de las demás hermanas-herederas. Además, alegaron que no fue hasta el año 2018 que se realizó una reunión entre las cuatro hermanas-herederas donde acordaron que todas serian co-adminitradoras de la corporación en cuestión. Pese a lo anterior, sostuvieron que la señora Jennifer Adán no entregó ningún informe sobre el estado actual de la corporación ni les había permitido participar en las decisiones corporativas y les negó acceso a los expedientes de la corporación. Finalmente, solicitaron al foro primario que ordenara la incautación e inventario de los bienes sujetos a división; se designara a un administrador judicial y nombrara a un contador partidor conforme a las disposiciones del Código Civil de Puerto Rico de 2020.

Luego, el 1 de noviembre de 2021, las señoras Lizabeth y Karen Adán presentaron una *Petición de Administración*

---

[2] *Véase*, entrada número 1 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

*Judicial Enmendada.[3]* En esencia, añadieron que la señora Jennifer Adán había girado cheques y realizado retiros en efectivo de las cuentas bancarias de la Puerto Rico Memorial, Inc. para cubrir gastos personales sin el consentimiento de las todas las hermanas-herederas. Además, sostuvieron que la señora Jennifer Adán no había sometido al Departamento de Hacienda los comprobantes de retención de contribución sobre el ingreso generado por la Puerto Rico Memorial, Inc. Por último, explicaron que, tras una *Orden* del foro primario resultante de una *Petición de Interdicto Preliminar y Permanente*, lograron el acceso a los expedientes corporativos que revela dicha información.

En consecuencia, el 8 noviembre de 2021, Puerto Rico Memorial, Inc. presentó *Moción en Cumplimiento de Orden y en Contestación de Petición Enmendada*.[4] En lo pertinente, alegó que la señora Jennifer Adán era Administradora de la corporación en virtud de una *Resolución Corporativa* del 14 de octubre de 2006 realizada por el presidente, el señor Rodolfo Adán Argilargo, y la secretaria, la señora Cecilia Puentes Sosa.

Asimismo, el 13 de noviembre de 2023, la señora Jennifer Adán presento una *Moción de Desestimación Parcial de las Alegaciones de la Petición de Administración Judicial Enmendada*.[5] En síntesis, alegó que procedía la desestimación de las alegaciones relacionadas a Puerto Rico Memorial, Inc. por ser una corporación con personalidad jurídica y sostuvo que solo procedía la administración judicial de la misma, si se descorría el velo corporativo mediante un pleito separado e independiente conforme a *Ab*

---

[3] *Véase*, entrada número 19 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[4] *Véase*, entrada número 23 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[5] *Véase*, entrada número 27 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

*Intestado Balzac Vélez*, 109 DOR 670 (1980) y la Ley Núm. 164-2009, conocida como la Ley General de Corporaciones, 14 LPRA secs. 3501 *et seq*.

Ante ello, el 19 de noviembre de 2021, las señoras Lizabeth y Karen presentaron su *Oposición a la Moción de Desestimación Parcial* en la cual alegaron que se podía descorrer el velo corporativo en virtud de sus alegaciones en la Petición de Administración Judicial Enmendada.[6]

Finalmente, el 22 de noviembre de 2021, el foro primario emitió Resolución Parcial declarando Ha Lugar la solicitud de desestimación parcial.

El 30 de noviembre de 2023, la señora Odette Adán Álvarez (en adelante, señora Odette Adán) presentó su *Contestación a "Petición de Administración Judicial Enmendada"*.[7] Alegó, en síntesis, que la señora Jennifer Adán era la administradora de la corporación por el consentimiento expreso del señor Rodolfo Adán Argilargo, y la señora Cecilia Puentes Sosa, y, además, por el consentimiento implícito las demás hermanas-herederas.

Inconforme con la reafirmación del foro primario ante la solicitud de reconsideración, el 27 de diciembre de 2021, las señoras Lizabeth y Karen presentaron ante este Tribunal de Apelaciones el recurso codificado **KLAN202101065**. Por ello, el 29 de junio de 2022, emitimos una *Sentencia* mediante la cual confirmamos la determinación del foro primario.[8]

Continuando los procedimientos, el 9 de noviembre de 2022, el foro primario emitió *Resolución* designando al CPA

---

[6] *Véase*, entrada número 28 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[7] *Véase*, entrada número 34 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[8] *Véase*, entrada número 85 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

Eduardo Jiménez Vinas como administrador judicial y contador partidor durante el término de 6 meses.[9]

Así las cosas, el 7 de diciembre de 2022, el señor Eduardo Jiménez Vinas presentó una *Moción Aceptando Designación* como administrador judicial y contador partidor.[10]

Tras varios trámites procesales, el 2 mayo de 2023, la señora Jennifer Adán presentó una *Moción Presentado Documentos Adicionales y Solicitando Remoción del Contador Partidor* […].[11] En específico, la señora Jennifer Adán alegó que las actuaciones del señor Eduardo Jiménez Viñas demostraban parcialidad a favor de las señoras Lizabeth y Karen Adán.

Ese mismo día, 2 de mayo de 2023, el foro primario celebró una Vista sobre el Estado de los Procedimientos y allí indicó que el asunto de Descalificación del Contador Partidor seria atendido en la *Vista Argumentativa* pautada para el 27 de junio de 2023.[12]

Inconforme con ello, el 9 de mayo de 2023, la señora Jennifer Adán presentó ante este Tribunal de Apelaciones un Recurso de *Certiorari* codificado KLCE202300519. Por ello, el 15 de junio de 2023, emitimos una *Resolución* mediante la cual denegamos la expedición del recurso.

Posteriormente, el 19 de julio de 2023, la señora Jennifer Adán presentó una *Moción bajo la Regla 36.2 de Procedimiento Civil para que se Dicte Sentencia Sumaria Desestimando la Petición de Administración Judicial.*[13] Mediante dicha moción, alegó que no procedía la

---

[9] *Véase*, entrada número 108 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[10] *Véase*, entrada número 111 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[11] *Véase*, entrada número 248 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[12] *Véase*, entrada número 250 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[13] *Véase*, entrada número 312 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

administración judicial conforme al Artículo 974 del Código Civil de Puerto Rico de 1930, 33 LPRA secs. 2811. Por lo anterior, sostiene que la herencia no está en estado de yacencia debido a la acepción expresa y tácita de las hermanas-herederas. Además, enumeró 73 párrafos con hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial.

El 8 de septiembre de 2023, las señoras Lizabeth y Karen Adán presentaron su *Réplica a Moción de Sentencia Sumaria*.[14] Allí, alegaron que no procede la Sentencia Sumaria por existir una controversia genuina en torno a los hechos en controversia. Además, argumentaron que el administrador judicial fue seleccionado sin oposición de ninguna de las partes.

Así las cosas, el 22 de septiembre de 2023, el foro primario celebró una *Conferencia sobre el Estado de los procedimientos* mediante la cual resolvió lo siguiente: (1) declaró *No Ha Lugar* la solicitud para descalificar al administrador judicial, el señor Eduardo Jiménez Viñas, presentada por la señora Jennifer; (2) declaró *No Ha Lugar* la solicitud de sentencia sumaria para desestimar el pleito de administración judicial presentada por la señora Jennifer Adán; (3) extendió el nombramiento del administrador judicial; (4) solicitó a la señora Jennifer informar prontamente si acudirá al Tribunal de Apelaciones; (5) ordenó la realización de una auditoria forense en la corporación Puerto Rico Memorial, Inc. donde cada parte tendrá a un observador en el procedimiento; (6) declaró *No Ha Lugar* la solicitud de anotación de rebeldía presentada por las señoras Lizabeth, Karen y Odette; (7) ordenó al administrador judicial, el señor Eduardo Jiménez Viñas, a

---

[14] *Véase*, entrada número 342 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

producir los documentos requeridos; y, (8) ordenó al administrador judicial, el señor Eduardo Jiménez Viñas, a realizar una convocatoria de la Junta de Accionistas con la finalidad de elegir una nueva Junta de Directores y autorizar o no la transferencia mensual de $10,000 a la cuenta de la sucesión por parte de la Puerto Rico Memorial, Inc. Lo anterior fue notificado a las partes el 9 de noviembre de 2023 mediante una *Minuta-Resolución* transcrita, el 29 de septiembre de 2023, y firmada electrónicamente, el 8 de noviembre de 2023.[15]

Inconforme el 28 de noviembre de 2023, la señora Jennifer Adán presentó un recurso de *Certiorari*. Mediante este, sostuvo que el foro primario cometió los siguientes errores:

> 1. ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR UNA MOCIÓN DE SENTENCIA SUMARIA MEDIANTE "MINUTA-RESOLUCIÓN" SIN CONSIGNAR LOS HECHOS ESENCIALES Y PERTINENTES SOBRE LOS CUALES NO HAY CONTROVERSIA SUSTANCIAL Y LOS HECHOS ESENCIALES Y PERTINENTES QUE ESTÁN REALMENTE Y DE BUENA FE CONTROVERTIDOS.
>
> 2. ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL INCUMPLIR CON SU DEBER MINISTERIAL DE EXAMINAR Y EVALUAR CON RIGUROSIDAD EL SEÑALAMIENTO DE FALTA DE JURISDICCIÓN SOBRE LA MATERIA.
>
> 3. ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL HALLARSE CON JURISDICCIÓN SOBRE LAS ACCIONES DE PUERTO RICO MEMORIAL, A PESAR DE QUE LOS HECHOS QUE NO ESTÁN EN CONTROVERSIA DEMUESTRAN QUE ESTAS YA NO FORMAN PARTE DEL CAUDAL HEREDITARIO.
>
> 4. ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DETERMINAR QUE LA LEY DEL CASO LE CONCEDE JURISDICCIÓN SOBRE LA MATERIA.
>
> 5. ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL REQUERIR DE LA PARTE COMPARECIENTE AVISO PREVIO SOBRE SI RECURRIRIA SOBRE LA DETERMINACIÓN EMITIDA EN CORTE ABIERTA PARA "TOMAR LAS MEDIDAS AL RESPECTO" Y "TOMAR DECISIONES EN CUANTO AL TRÁMITE JUDICIAL DEL CASO".
>
> 6. ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL "PRORROGAR" EL NOMBRAMIENTO DEL

---

[15] *Minuta-Resolución*, págs. 534-540 del Apéndice del recurso.

ADMINISTRADOR JUDICIAL, EL CUAL HABÍA VENCIDO.

7. ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DETERMINAR QUE LA MOCIÓN DE REMOCIÓN DEL ADMINISTRADOR JUDICIAL SE HABÍA TORNADO EN ACADÉMICA PORQUE UNA DE LAS ABOGADAS QUE FIRMÓ LA MOCIÓN DE REMOCIÓN RENUNCIÓ A LA REPRESENTACIÓN LEGAL DE LA COMPARECIENTE.

8. ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL INTERFERIR CON LOS INTERESES DE PROPIEDAD DE LAS PARTES SIN OBSERVAR LAS GARANTÍAS DEL ART. II, SEC. 7 DE LA CONSTITUCIÓN DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y LAS DE LAS ENMIENDAS V Y XIV DE LA CONSTITUCIÓN DE ESTADOS UNIDOS, PRIVANDO A LAS PARTES DE SU DERECHO A UNA NOTIFICACIÓN OPORTUNA Y ADECUADA; EL DERECHO A SER OÍDO; EL DERECHO A CONFRONTARSE CON LOS TESTIGOS EN SU CONTRA; EL DERECHO A PRESENTAR PRUEBA ORAL Y ESCRITA A SU FAVOR Y, ADEMÁS, LA PRESENCIA DE UN ADJUDICADOR IMPARCIAL.

9. ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL ORDENAR AL ADMINISTRADOR JUDICIAL A LLEVAR A CABO LA ADMINISTRACIÓN JUDICIAL DE LA CORPORACIÓN EN VIOLACIÓN A LO RESUELTO POR ESTE HONORABLE TRIBUNAL EN EL CASO NÚM. KLAN202101065.

Por su parte, el 28 de noviembre de 2023, la peticionaria presentó una *Moción en Auxilio de Jurisdicción*. Al día siguiente, 29 de noviembre de 2023, emitimos una *Resolución* mediante la cual declaramos *No Ha Lugar* la solicitud de auxilio de jurisdicción.

Luego, el 5 de diciembre de 2023, las recurridas presentaron una *Moción de Desestimación* mediante el cual solicita que desestimemos el recurso de epígrafe e impongamos una sanción económica por: (1) no citar correctamente las disposiciones del Reglamento del Tribunal de Apelaciones, en especial la regla 40, (2) no incluir documentos pertinentes en el Apéndice del recurso, en específico la Petición de Administrador Judicial Enmendada y su contestación, y (3) presentar señalamientos de errores sin legitimación activa.

A esos efectos, el 21 diciembre de 2023, la peticionaria presentó *Moción en Cumplimiento de Orden y en Oposición a la Desestimación del Recurso*.

Así las cosas, el 17 de enero de 2024, emitimos una *Resolución* mediante la cual declaramos *No Ha Lugar* la solicitud de desestimación.

Ante esto, el 26 de enero de 2024, las recurridas presentaron una Moción de Reconsideración y Solicitud Urgente de Término donde reiteró que el recurso de epígrafe era deficiente.

Asimismo, el 6 de febrero de 2024, emitimos una *Resolución* en la cual declaramos *No Ha Lugar* la solicitud de reconsideración y término adicional.

Transcurrido el término dispuesto para la presentación del alegato en oposición, las recurridas no comparecieron a presentarnos su postura.

Consecuentemente, declaramos perfeccionado el recurso de epígrafe y procedemos a su disposición, conforme a Derecho.

## II.

### -A-

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita las instancias en que el Tribunal de Apelaciones expedirá un recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia. Es decir, cuando "se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo." Regla 52.1 de Procedimiento Civil, *supra*.

Asimismo, dispone los supuestos en que este foro intermedio podrá revisarlas, con carácter discrecional y a manera de excepción, en las siguientes instancias:

> [C]uando se recurra de decisiones sobre la
> admisibilidad de testigos de hechos o peritos
> esenciales, asuntos relativos a privilegios
> evidenciarios, anotaciones de rebeldía, en

casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Por su parte, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que este foro debe tomar en consideración al atender una solicitud de expedición de este recurso discrecional; a saber, si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho. Así también, debemos tomar en consideración si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por parte del foro primario.

También examinaremos si el asunto planteado exige consideración más detenida a la luz de los autos originales o de alegatos más elaborados, o si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración. Finalmente, debemos analizar si la expedición del auto solicitado evita un fracaso de la justicia. *Véase*, Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

**-B-**

En nuestro ordenamiento, el mecanismo de Sentencia Sumaria procura, ante todo, aligerar la adjudicación de aquellos casos en los cuales no existe una controversia de hechos real y sustancial que exija la celebración de un juicio en su fondo. *Rodríguez García v. UCA*, 200 DPR 929 (2018). Este mecanismo, está instituido en la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R. 36, y su función esencial es el permitir que, en aquellos litigios de naturaleza civil, una parte pueda mostrar, previo al juicio y luego del descubrimiento de prueba, que no existe una controversia material de hecho que deba ser dirimida en un

juicio plenario; y que, por tanto, el tribunal está en posición de aquilatar esa evidencia para disponer del caso ante sí. *Rodríguez Méndez, et als v. Laser Eye*, 195 DPR 769 (2016).

La solicitud de sentencia sumaria puede ser interpuesta por cualquiera de las partes que solicite un remedio por medio de una moción fundamentada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes. Regla 36.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.2. Por consiguiente, se dictará sentencia sumaria, si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, junto a cualquier declaración jurada que se presente, si alguna, demostrasen que no hay controversia real y sustancial sobre algún hecho esencial y pertinente y que; como cuestión de derecho, procediese hacerlo. Regla 36.3(e) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(e); *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414 (2013).

En cuanto a los hechos esenciales y pertinentes a los que se refieren el precitado cuerpo de Reglas, es sabido que estos son los que se conocen como hechos materiales. Regla 36.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.1. Al respecto, un hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable. *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 110 (2015). Además, la controversia sobre el hecho material tiene que ser real. Esto es, que una controversia no es siempre real o sustancial o genuina. Por ello, la controversia deberá ser de una calidad suficiente como para que sea necesario que un juez la dirima a través de un juicio plenario. Regla 36.1 de

Procedimiento Civil, 32 LPRA Ap. V, R. 36.1; *Ramos Pérez v. Univisión*, 178 DPR 200, 213-214 (2010).

En fin, toda vez que la sentencia sumaria es un remedio de carácter discrecional, "[e]l sabio discernimiento es el principio rector para su uso porque, mal utilizada, puede prestarse para despojar a un litigante de 'su día en corte', principio elemental del debido proceso de ley." *Mgmt. Adm. Servs. Corp. v. ELA,* 152 DPR 599, 611 (2000). Siendo esto así, solo procede que se dicte la sentencia sumaria "cuando surge de manera clara que, ante los hechos materiales no controvertidos, el promovido no puede prevalecer ante el Derecho aplicable y el Tribunal cuenta con la verdad de todos los hechos necesarios para poder resolver la controversia." *Meléndez González et al. v. M. Cuebas, supra*, págs. 109-110.

Además, es preciso recordar que nuestro Máximo Foro ha dispuesto que, como Tribunal de Apelaciones, nos encontramos en igual posición que el Tribunal de Primera Instancia para evaluar la procedencia o no de conceder una solicitud de sentencia sumaria. *Meléndez González et al. v M. Cuebas*, 193 DPR 100, 122 (2015). Particularmente el Tribunal Supremo pauto lo siguiente:

> "[Al revisar la determinación de primera instancia, el tribunal de apelación está **limitado** de dos maneras: *primero*, sólo puede considerar los documentos que se presentaron ante el foro de primera instancia. Las partes no pueden añadir en apelación *exhibit*[s], deposiciones o affidávit[s] que no fueron presentados oportunamente en el foro de primera instancia, ni pueden esbozar teorías nuevas o esgrimir asuntos nuevos por primera vez ante el foro apelativo. *Segundo*, el tribunal apelativo sólo puede determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y si el derecho se aplicó de forma correcta. No puede adjudicar los hechos materiales y esenciales en disputa. Esa tarea le corresponde al foro de primera instancia."
>
> *Meléndez González et al. v M. Cuebas, supra*, citando a *Vera v. Dr. Bravo*, 161 DPR 308, 334-335 (2004).

Esto es, estamos impedidos de adjudicar los hechos materiales esenciales en disputa. *Íd.* El deber de adjudicar hechos materiales y esenciales es una tarea que le compete al Tribunal de Primera Instancia y no al foro intermedio.

Por ello, este mecanismo procesal exige el cumplimiento de requisitos de forma para su validez. Específicamente, la presentación de una moción de sentencia sumaria se requiere que esté "fundada en declaraciones juradas o en evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes". 32 LPRA Ap. V., R. 36.1. Asimismo, la oposición a esta solicitud debe cumplir requisitos similares. *Íd.* Inclusive, el Tribunal de Primera Instancia que resuelve que no procede una moción de sentencia sumaria debe satisfacer requerimientos de forma para la validez de su dictamen. Respecto a esto, la Regla 36.4 de Procedimiento Civil, *supra,* dispone lo siguiente:

> Si en virtud de una moción presentada bajo las disposiciones de esta regla no se dicta sentencia sobre la totalidad del pleito, no se concede todo el remedio solicitado o se deniega la moción, y es necesario celebrar juicio, será obligatorio que el tribunal resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos, y hasta qué extremo la cuantía de los daños u otra reparación no está en controversia, ordenando los procedimientos ulteriores que sean justos en el pleito, incluso una vista evidenciaria limitada a los asuntos en controversia.

En ese sentido, nuestro más alto foro ha dispuesto que en esencia "esta regla procesal delimita las instancias en las que el tribunal estará obligado a resolver la moción de sentencia sumaria presentada 'mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe

controvertidos." *Pérez Vargas v. Office Depot*, 203 DPR 687, 697 (2019). A tal efecto, es "por ello que se le requiere al tribunal que consigne los hechos sobre los cuales no hay controversia, puesto que será innecesario pasar prueba sobre éstos durante el juicio." *Íd*.

De igual forma, la Regla 42.2 de Procedimiento Civil, *supra*, establece que cuando se deniegue total o parcialmente una moción de sentencia sumaria, el tribunal debe dar fiel cumplimiento a la Regla 36.4 en cuanto a las determinaciones de hechos. Lo primordial de la Regla 36.4 de Procedimiento Civil, *supra*, es que el "nuevo texto mejorado hace énfasis en el carácter mandatorio de la determinación de los hechos materiales sobre los cuales no hay controversia sustancial y los hechos materiales que están realmente y de buena fe controvertidos. Esta es la única forma de propiciar una revisión adecuada por los foros apelativos." Cuevas Segarra, *Tratado de Derecho Procesal Civil* 2da Ed., Tomo III, pág. 1075. En ese sentido, si el Tribunal entiende "que la resolución no es adecuada, lo procedente es que el foro apelativo ordene a instancia emitir una resolución fundamentada. De negarse a efectuarlas, nada impide que se recurra al Tribunal Apelativo para obligar a su cumplimiento." *Íd*.

Por ello, el Tribunal Supremo ha sostenido que si se permitiera que los tribunales denegaran mociones de sentencia sumaria bajo el fundamento de que existen hechos materiales en controversia, se daría al traste con los establecido en la Regla 36.4 de Procedimiento Civil y "las partes quedarían en la misma posición que estaban previo a la presentación de la moción de sentencia sumaria, atrasando así el litigio de manera injustificada". *Meléndez González et al. v. M. Cuebas, supra* 119.

**III.**

De umbral, debemos examinar si tenemos jurisdicción para expedir y considerar el presente recurso de *Certiorari,* conforme a la Regla 52.1 de Procedimiento Civil, *supra*.

En el caso de epígrafe, la peticionaria solicita que revisemos la *Minuta-Resolución* recurrida en la cual el Tribunal de Primera Instancia resuelve lo siguiente: (1) declaró *No Ha Lugar* la solicitud para descalificar al administrador judicial; (2) declaró *No Ha Lugar* la solicitud de sentencia sumaria para desestimar el pleito; (3) extendió el nombramiento del administrador judicial; (4) solicitó a la señora Jennifer Adán informar prontamente si acudirá al Tribunal de Apelaciones; (5) ordenó la realización de una auditoria forense en la corporación Puerto Rico Memorial, Inc.; (6) declaró *No Ha Lugar* la solicitud de anotación de rebeldía; (7) ordenó al administrador judicial a producir los documentos requeridos; y (8) ordenó al administrador judicial a realizar una convocatoria de la Junta de Accionistas con la finalidad de elegir una nueva Junta de Directores y autorizar o no la transferencia mensual de $10,000 a la cuenta de la sucesión por parte de la Puerto Rico Memorial, Inc.

No obstante, considerando lo anterior, concluimos que solo tenemos jurisdicción para atender la determinación sobre la Moción de Sentencia Sumaria por ser de carácter dispositivo, conforme a la Regla 52.1 de Procedimiento Civil, *supra*. A esos efectos, expedimos el recurso de auto de *Certiorari* para revisar únicamente el error relacionado con la moción de sentencia sumaria.

En este caso, la peticionaria alega que el Tribunal de Primera Instancia erró al denegar la moción de Sentencia

Sumaria sin consignar los hechos esenciales y pertinentes que están incontrovertidos y controvertidos. Tiene razón, veamos.

Expusimos en la sección II de esta Sentencia, que la Regla 36.4 de Procedimiento Civil, *supra*, obliga al Tribunal de Primera Instancia a consignar los hechos esenciales y pertinentes sobre los que no hay controversia sustancial y los que fueron realmente controvertidos. Nuestro Alto Foro ha enfatizado que tal norma tiene el propósito de colocar a todas las partes en posición para celebrar el juicio y ayuda a que los tribunales apelativos puedan ejercer su responsabilidad revisora. *Meléndez González et al. v. M. Cuebas, supra*.

Igualmente, en el derecho aplicable, consignamos que la sentencia sumaria solo debe dictarse en casos claros. Es decir, si no existe certeza sobre todos los hechos materiales en la controversia, no procede que se dicte sentencia sumaria. *Íd*. Por lo tanto, cuando un tribunal deniega una moción de sentencia sumaria, los tribunales tienen la obligación de emitir una lista de los hechos que encontró que no están en controversia en el pleito y los que sí lo están.

Examinado el expediente ante nuestra consideración, debido a que este Tribunal de Apelaciones determina que la Minuta-Resolución no es adecuada, procede que se ordene al Tribunal de Primera Instancia a emitir una resolución fundamentada sobre la mocion de sentencia sumaria. Nótese que la *Minuta-Resolución* recurrida se limitó a informar su determinación de *"No Ha Lugar"* a la solicitud de Sentencia Sumaria. Además, la referida *Minuta-Resolución* carece de los hechos materiales incontrovertidos y controvertidos que conforme a su apreciación fueron probados, y carece de

fundamentos sobre su evaluación a la prueba anejada a la moción de sentencia sumaria.

Por consiguiente, la *Resolución* ante nuestra consideración es insuficiente para ubicar a este Tribunal en la posición idónea para examinar el recurso ante nuestra consideración. Ausentes dichos criterios, no nos encontramos en condición para ejercer nuestra responsabilidad adecuadamente y procede que el foro revisado complete la evaluacion de la solicitud de sentencia sumaria. La señora Jennifer Adán podra acudir nuevamente a este Tribunal sobre este asunto, de estimarlo procedente en derecho, luego de que el Tribunal de Primera Instancia resuelva adecudamente dicha moción.

## IV.

Por los fundamentos antes expuestos, se **EXPIDE** el presente auto discrecional de *Certiorari* para **MODIFICAR** la Minuta-Resolución de 8 de noviembre de 2023 a los únicos fines de dejar sin efectos su determinación sobre la moción de sentencia sumaria presentada por la señora Jennifer Adán y ordenar al Tribunal de Primera Instancia a que emita una Resolución fundamentada con los hechos controvertidos e incontrovertidos sobre la referida moción. Las demás determinaciones de la referida Minuta-Resolución quedan inalteradas.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones